## Barron v. Della Penna

---

7. See footnote no. 1

594

*Harry Aaron Rubin*, for plaintiff.
*Dennis Veneziale*, for defendant.

GUARINO, *J.*, December 8, 1978—This is a petition for leave to confirm and pay for a jury trial.

The matter had been listed for arbitration hearing on April 28, 1978. On that date, plaintiff filed a petition with the court requesting that she be allowed to withdraw from arbitration pending filing of a petition for major case listing. Such a petition was filed, and on May 18, 1978, the petition for major case listing was granted. Apparently, because he did not file it timely, the prothonotary refused defendant's praecipe demanding a jury trial. On June 2, 1978, defendant requested plaintiff to stipulate to permit late filing of praecipe demanding a jury trial. The refusal to stipulate was followed by the present petition.

Pennsylvania Rule of Civil Procedure 1007.1 provides the basis for requesting a jury trial. The rule provides as follows:

"(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

"(b) Where an appeal is taken from an award in compulsory arbitration and a jury trial has not theretofore been demanded, the right to a jury trial shall be deemed waived unless the appellant endorses a demand for a jury trial on his appeal, or unless the appellee files and serves a written demand for jury trial not later than ten (10) days after being served with the notice of appeal."

Plaintiff-respondent contends that the order of May 18, 1978, which granted her petition for major case listing, virtually removed the case from arbitration, putting it in the same posture as if an appeal had been taken. Since defendant failed to file a demand for jury trial within 10 days from the order as required by section (b) of Pa.R.C.P. 1007.1, he is deemed to have waived it; the word "shall" used in this subsection expresses what is mandatory. See Amalgamated Transit Union, Div. 85 v. Port Authority of Allegheny County, 417 Pa. 299, 208 A. 2d 271 (1965); Reinhold v. Weiss, 1 PICO 45, 3 D. & C. 3d 642 (1976).

I disagree. This case is not on appeal from an arbitration award. The petition for major listing is not an appeal or similar to an appeal from arbitration. I am not about to make the mistake of construing a petition for major listing an appeal from arbitration and make the jury demand rule govern a situation for which it clearly was not intended. Prior to 1974, the practice was to treat the petition for major trial listing as a "last pleading"; thus making a jury trial demand timely only if made within 20 days from its filing. See 1 Goodrich-Amram 2d §1007:b(1), fn. 5. This strained construction was subsequently properly rescinded. Such a petition was clearly not a pleading. Pleadings are defined and limited to those specified in Pa.R.C.P. 1017.[1]

However, while I refuse to indulge in this

---

1. Pa.R.C.P. 1017(a): "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

strained interpretation, I am not unmindful that the right to a jury trial is a constitutional right which is not to be denied merely because, in a particular case, the rules of procedure fail to provide a time limit in which the right may be exercised. Whether the time limit for the exercise of the right to jury trial is as prescribed by section (a) or (b) of Pa.R.C.P. 1007.1 is of little moment. In the absence of a clear showing of a waiver and in the interest of justice the time limitation prescribed may be extended. Pennsylvania Rule of Civil Procedure 248 provides that "[t]he time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court."

Accordingly, we enter the following

## ORDER

And now, December 8, 1978, it is hereby ordered and decreed that defendant be permitted to confirm and pay for a jury trial in this matter within 30 days of the signing of this order.